United States District Court
Middle District of Florida
Orlando Division

**MELISSA V. PIERCE,**

 *Plaintiff,*

v.             **NO. 6:21-cv-398-GKS-PDB**

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

___

## Report & Recommendation

This is an action under 42 U.S.C. § 405(g) to review a final decision of the Acting Commissioner of Social Security denying Melissa Pierce's application for benefits. Doc. 1. The Acting Commissioner moved to dismiss the complaint in part. Doc. 15. That motion is pending.

The Acting Commissioner now moves for an order reversing the Acting Commissioner's final decision and remanding the action to the Acting Commissioner "to obtain the prior medical evidence that underlined the comparison point decision or to follow the procedures laid out in 20 C.F.R. § 404.1594(b) if the prior medical evidence cannot be found" to "determine whether medical improvement occurred by comparing the prior and current medical evidence of record." Doc. 22 at 1. Pierce has no opposition.

When reviewing a final decision of the Commissioner, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming,

modifying, or reversing the decision … with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Considering the absence of opposition and the authority above, I recommend:

1. **granting** the Acting Commissioner's motion to remand, Doc. 22;

2. **reversing** the Acting Commissioner's decision under sentence four of 42 U.S.C. § 405(g);

3. **remanding** the action for the Acting Commissioner to "obtain the prior medical evidence that underlined the comparison point decision or to follow the procedures laid out in 20 C.F.R. § 404.1594(b) if the prior medical evidence cannot be found" to "determine whether medical improvement occurred by comparing the prior and current medical evidence of record";

4. **denying** as moot the motion to dismiss, Doc. 15; and

5. **directing** the clerk to enter judgment in favor of Melissa Pierce and against the Acting Commissioner of Social Security and close the file.*

**Entered** in Jacksonville, Florida, on September 10, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.